_____

No. 97-1241
_____

Eric Adam Schneider,            *
                                *
        Petitioner,             *
                                *
     v.                         *   On Motion for Emergency
                                *   Stay of Execution.
                                *
Michael Bowersox,               *
                                *
        Respondent.             *


_____

            Submitted:  January 28, 1997

              Filed:  January 28, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.
_____

PER CURIAM.


        We have before us a motion for emergency stay of execution, filed by petitioner Eric Adam Schneider, asking that the execution of the sentence of death, set for 12:01 a.m. on January 29, 1997, tomorrow, be stayed pending a determination of petitioner's mental competency to know and appreciate the nature and consequences of the execution.

        The motion is denied.  First, the motion does not show that state remedies have been exhausted.  See Shaw v. Delo, 971 F.2d 181, 188 (8th Cir. 1992), cert. denied, 507 U.S. 927 (1993).

In any event, the affidavits filed with the motion do not come close to meeting the exacting standard required for the relief sought. In order to obtain relief, petitioner would have to show that he is "insane" or, in more particular terms, that he is "unaware of the punishment [he is] about to suffer and why [he is] to suffer it." Ford v. Wainwright, 477 U.S. 399, 422 (opinion of Powell, J.). The affidavit of Dr. Daniel, to which we have already referred in previous opinions in this case, says nothing about petitioner's present understanding of what is in store for him. It is directed solely to the question of a possible defense of diminished capacity. The other affidavit, filed by a former attorney for petitioner, alleges that petitioner "does not seem to have an understanding of the nature and consequences of what is about to happen to him." We do not think this allegation is strong enough to warrant a stay of execution at the eleventh hour. We observe, in addition, that within the last few days petitioner has filed, pro se and with the assistance of another inmate, fairly extensive pleadings which clearly evidence his understanding of the sentence and the reasons for it.

The motion for stay of execution is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.